IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED ASSOCIATION OF THE PLUMBING AND PIPE FITTING INDUSTRY OF UNITED STATES AND CANADA, LOCAL NO. 360, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-cv-43-RJD |
| EHRET, INC. | ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion to Set Aside Default (Doc. 30). Plaintiffs did not file a Response.[1] For the reasons set forth below, Defendant's Motion to Set Aside Default is **GRANTED**.

Plaintiffs filed this case pursuant to the Employee Retirement Income Security Act, 29 USC §1132 and the Labor Management Relations Act, 29 USC §185. The Clerk made an Entry of Default against Defendant in this matter on August 28, 2020. In order to vacate an Entry of Default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted). The Court views these elements in a lenient manner. *Id.* at 631. The Seventh Circuit favors a trial on the merits versus a default. *Sun v. Bd. of Trustees*

---

[1] Within the motion, Defendant represents that Plaintiffs have no objections to the Court setting aside the Entry of Default.

*of Univ. of IL*, 473 F.3d 799, 811(7th Cir. 2007).

In support of its Motion to Set Aside Entry of Default, Defendant represents to the Court that its Controller, Kim Hugger, accepted service of Plaintiffs' Complaint in January 2019. Ms. Hugger mistook the service of process in this case for a case that had previously proceeded before the Court involving similar parties, Case No. 17-cv-511-RJD. On August 31, 2020, Ms. Hugger received the Entry of Default in this case. She forwarded the Entry of Default to legal counsel who entered one week later. Defendant argues that it has therefore established good cause for the default and quick action to correct it. Defendant also contends that it has a meritorious defense in this matter related to the number of covered hours worked.

Because a trial on the merits is favored, and because there is a lenient standard for vacating an Entry of Default, Defendant's Motion to Set Aside Default is **GRANTED**. The Clerk's Entry of Default (Doc. 21) is hereby **VACATED**. Defendant is **ORDERED** to file its answer to Plaintiffs' Complaint by **October 13, 2020**.

**IT IS SO ORDERED.**

**DATED: October 5, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**